SHARON A. URIAS (SBN 180642)
sharon.urias@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: (480) 306-5458
Fax: (480) 306-5459

JAMEY R. CAMPELLONE (*Admitted Pro Hac Vice*)
jamey.campellone@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027
*Attorneys for Defendants,*
*Liquid Metal Motorsports, Inc. and James Owen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIN-SHIAN INDUSTRIAL CO., M. & S. RESOURCES CORP., LTD., <br><br>Plaintiffs, <br><br>v. <br><br>LIQUID METAL MOTORSPORTS, INC., and JAMES OWEN, <br><br>Defendants. | Case No. 19-CV-00233-JLS-KES <br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE KAREN E. SCOTT]** <br><br>**JOINT STIPULATION RE ISSUANCE OF LETTER ROGATORY TO HARWEY SHEN** <br><br>Initial Complaint filed: March 12, 2019 <br>Discovery Cutoff: May 22, 2020 <br>Final Pretrial Conference: Sept. 25, 2020 <br>Trial Date: TBD <br><br>Date: February 11, 2020 <br>Time: 10:00 a.m. <br>Courtroom: Santa Ana, Courtroom 6D |

-1-
JOINT STIPULATION RE: ISSUANCE OF LETTER ROGATORY TO HARWEY SHEN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

### A. Defendant's Introductory Statement

Defendant, Liquid Metal Motorsport, Inc. ("Liquid Metal"), by and through the undersigned attorneys and pursuant to Local Rule 37-1, seeks the issuance of a Letter Rogatory by the Court, requesting the assistance of the Supreme Court of British Columbia located in West Vancouver, Canada, to compel third-party witness Hao Wei Shen ("Shen") to appear and provide sworn, oral testimony in West Vancouver, Canada. Pursuant to Local Rule 37-2.1, the Court's Scheduling Order is attached hereto as **Exhibit "A."**

Plaintiffs, Min-Shian Industrial Co. ("Min-Shian") and M. & S. Resources Corp., Ltd. (collectively, "Plaintiffs"), identified Shen, a former Min-Shian employee, as an individual likely to have discoverable information in their Rule 26 Initial Disclosure, describing the "summary of information known" by Shen as "[a]greements between Plaintiffs, Liquid Metal, James Owen and/or Discount Tire Co., James Owen's personal guarantee." Indeed, Plaintiffs have alleged claims, among others, for breach of contract and breach of personal guarantee in their Second Amended Complaint. (Doc. 66.) As Min-Shian's former Vice President of Sales, Shen is expected to have extensive personal knowledge and information regarding the events and circumstances underlying the claims in the Second Amended Complaint (Doc. 66). Additionally, Shen was a recipient or author of emails produced by Plaintiffs with their Initial Disclosure Statement.

Thus, although Plaintiffs have conceded that Shen's expected testimony is relevant, they nevertheless refuse to agree to the issuance of a Letter Rogatory on the purported grounds that it will "take too long" for the Canadian court to order the deposition. Plaintiffs take this position despite that they recently filed a Second Amended Complaint, to which a motion to dismiss (Doc. 72) is pending, the case is

1 not yet at issue and discovery only recently has commenced.

2 Defendants' counsel has conferred extensively with Plaintiffs' counsel regarding this issue. On October 25, 2019, Defendants' counsel discussed the motion with Plaintiffs' counsel and at that time, it was Defendants' counsel's understanding that Plaintiffs did not intend to oppose the relief requested in this Stipulation. Plaintiffs' counsel requested that Defendants' counsel send the proposed letter rogatory to Plaintiffs' counsel before filing it with the Court. Due to a misunderstanding, Defendants filed a motion for issuance of letters rogatory representing that the motion was unopposed without providing the proposed motion and letter rogatory to Plaintiff's counsel beforehand. (Doc. 73.) Plaintiffs' counsel demanded that Defendants withdraw the motion, whereupon Defendants immediately filed an amended motion clarifying that "it has now come to the undersigned attorneys' attention that Plaintiffs oppose the Motion." (Doc. 74.) The Court filed an order striking the motions. (Doc. 75.) Defendants counsel had an additional telephonic consultation with Plaintiffs' counsel on January 6, 2020, in an effort to resolve the issues set forth in this Stipulation. Plaintiffs' counsel again refused to consent to the Letter Rogatory, while conceding that Shen has relevant information.

Plaintiffs' refusal to consent to issuance of a Letter Rogatory is in bad faith. They are seeking to prevent Liquid Metal from deposing a witness identified by Plaintiffs as having relevant information—a former employee involved in and with knowledge of the events giving rise to Plaintiffs' breach of contract and breach of guarantee claims. Accordingly, Defendants seek attorneys' fees and costs incurred in connection with the submission of this dispute to the Court.

### B. Plaintiffs' Introductory Statement

A review of the Second Amended Complaint reveals that the actionable tortious misconduct began in or around March 2017 and stretched through

approximately June 2018. *See* Dkt. No. 66, ¶¶ 21-42, 58-60. Harwey Shen is a former vice president of Min-Shian who was terminated on December 9, 2016. Since then, he has had no involvement with any of the transactions or occurrences at issue.[1] At no point in time was Harwey Shen involved in any of these transactions or occurrences, and he has no knowledge of them.

This case was filed on February 5, 2019. Plaintiffs included Mr. Shen on their Rule 26 initial disclosures, served at the end of June 2018, because, prior to December 2016, Mr. Shen had knowledge of "[a]greements between Plaintiffs, Liquid Metal, James Owen and/or Discount Tire Co., [and] James Owen's personal guarantee."

But Plaintiffs also included Hsiu-che Wu, the current president of Min-Shian, (and the president all throughout Mr. Shen's tenure), as having the same or similar information regarding the "[a]greements between Plaintiffs, Liquid Metal, James Owen and/or Discount Tire Co." Likewise, Huei Feng Tseng, Shiue Feng Chen, Chi Huei Lee, and Huei Feng Tseng were listed as possessing the same or similar information. Defendants have made no attempt to take their depositions. Defendants have, in fact, taken no depositions to date, whether 30(b)(6) or otherwise.

The letters rogatory application is also futile. The Canadian Court will have to determine that "evidence of the same value as that sought from the person to be examined cannot otherwise be obtained." *Connecticut Retirement Plans and Trust Funds v. Buchan*, 2007 ONCA 362 at para. 7 [Connecticut Retirement Plans]; *see also AstraZeneca v. Wolman*, [2009] O.J. No. 5344 at para 27. The Canadian Courts consider "whether the evidence is possessed by the targeted witness alone. . . . The criterion means that evidence of the same value as that sought from the person to be examined cannot otherwise be obtained." *AstraZeneca v. Wolman*, [2009] O.J. No.

---

[1] Plaintiffs intend to submit declarations in a supplemental memorandum pursuant to Local Rule 37-2.3. Plaintiffs request that the Court defer ruling pending submission of the supplemental memorandum and accompanying declarations, which have to be reviewed and executed in Taipei, Taiwan.

5344 at para 27. The Canadian courts consider both the unique value of the evidence being sought in Canada and whether the witness from which the evidence is being sought is a unique source of this evidence. Harwey Shen is not a unique source of information. He was terminated several months prior to the transactions and occurrences at issue, and numerous individuals listed in the initial disclosures have the same information. Counsel for Plaintiffs have consistently inquired as to whether Mr. Shen possesses information that is uniquely necessary, so as to satisfy the applicable Canadian law. Defendants have never attempted to explain why they believe that Mr. Shen possesses unique information.

Discovery opened in this case on February 5, 2019. The scheduling order entered on April 29, 2019. Initial Disclosures were served on June 28, 2019. Defendants inquired as to whether counsel for Plaintiffs represent Harwey Shen on August 8, 2019. Counsel for Defendants did not properly seek a letter rogatory until now, January 17, 2020.[2]

The letters rogatory process has been described as "complicated, dilatory, and expensive." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 531 (1987). The issuance of letters rogatory to Canada in this circumstance would cause an inherent delay that would prejudice the

---

[2] On October 25, 2019, during a meet and confer on an unrelated matter, counsel for Defendants asked whether counsel for Plaintiffs oppose the issuance of letters rogatory directed to Harwey Shen. Counsel for Plaintiffs stated on the call that they did not believe that they would oppose, but needed time to consider the matter, since it had not been noticed for the meet and confer or raised previously. Counsel for Plaintiffs stated that they would need to see the motion before they would advise as to their position, to which counsel for Defendants agreed. Counsel for Plaintiffs stated in writing, "As discussed, we do not believe that we will oppose a letter rogatory directed to Harwey Shen, but we will want to review the pleading before it is filed." Instead of sending the motion for review, Defendants filed a motion for letters rogatory on November 20, 2019. Counsel for Plaintiffs requested that counsel for Defendants revise their motion to reflect Plaintiffs opposition, because, upon review, it was apparent that the letters rogatory process would needlessly delay the litigation, without any apparent chance of success in Canada. Defendants followed up by stating, "You are correct that we agreed to send it to you before filing it. . . . [we] will be in touch with you tomorrow to address this issue." The Court ultimately struck the motion, because discovery motions have been referred to the Honorable Karen E. Scott.

1    Plaintiffs. *See Cordeiro v. Alves*, No. 1:16-CV-23233-UU, 2017 WL 3099086, at *1
2    (S.D. Fla. Apr. 7, 2017); *Cover v. Windsor Surry Co.*, No. 14-CV-05262-WHO,
3    2016 WL 8231158, at *3 (N.D. Cal. Dec. 19, 2016); ); *United States v. Rosen*, 240
4    F.R.D. 204, 215 (E.D. Va. 2007) ).

5         This matter has been pending for over a year and discovery closes in four
6    months. Based on prior experience with the letters rogatory process in Canada, the
7    application may take at least a year to process. It appears unlikely to resolved within
8    the confines of the scheduling order and the Plaintiffs' oppose the inherent delay that
9    it will cause. Because the same or substantial evidence may still be obtained through
10   Plaintiffs' witnesses, the Canadian Court will not grant the request. More critically,
11   the letter of request will only be used to delay these proceedings. Accordingly,
12   Plaintiffs oppose the issuance of letters rogatory.

**II.   DEFENDANTS' STATEMENT OF ISSUES IN DISPUTE AND LEGAL POSITION**

     Good cause supports Liquid Metal's request for issuance of a Letter Rogatory for Shen's deposition.  Shen, who resides in Canada, was formerly employed as Min-Shian's Vice President of Sales and is expected to have extensive personal knowledge and information regarding the events and circumstances underlying the claims in the Second Amended Complaint (Doc. 66), as set forth above.

     On September 12, 2019, Liquid Metal sent a letter to Shen requesting that he consent to the taking of his deposition in order to avoid the time and expense associated with seeking an Order from the court in British Columbia, and offering to travel to Canada and arrange a date and time for the deposition at a mutually-convenient location. Shen's last known address is 304 Moyne Drive, West Vancouver, BC V7S1J5 Canada.

     **A.   This Court Has Inherent Authority to Issue the Letter Rogatory**

     All courts of the United States have the inherent power to issue a Letter Rogatory, or letter of request, to the court of a foreign nation requesting that

1  the testimony of a witness residing within that foreign court's jurisdiction be taken
2  pursuant to the direction of that foreign court for use in a pending action in the
3  United States. *See United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958).

4        Rule 28(b)(1)(B) of the Federal Rules of Civil Procedure permits litigants to
5  take a deposition in a foreign country "under a letter of request, whether or not
6  captioned a 'letter rogatory,' " and the court may issue such a letter "without a
7  showing that taking the deposition in another manner is impractical or
8  inconvenient." Fed. R. Civ. P. 28(2)(B). In addition, 28 U.S.C. § 1781(b)(2) provides
9  that a tribunal in the United States may directly transmit a Letter Rogatory or request
10 to a foreign or international tribunal. The British Columbia Evidence Act also
11 provides that courts outside of Canada may serve letters rogatory upon Canadian
12 courts. *See* British Columbia Evidence Act, R.S.B.C. 1996, C. 124 § 53.

13       It is in the court's discretion whether to issue a letter rogatory, "however, a
14 court should neither 'weigh the evidence sought from the discovery request nor . . .
15 attempt to predict whether that evidence will actually be obtained.'" *Parsons Xtreme*
16 *Golf LLC v. Taylor Made Golf Co. Inc.*, No. CV-17-03125-PHX-JJT, 2018 WL
17 3954414, at *2 (D. Ariz. Aug. 17, 2018) (citing *Barnes & Noble, Inc. v. LSI Corp.*,
18 2013 WL 812331, at *2 (N.D. Cal. Mar. 5, 2013). Further, "[g]enerally, a court
19 should grant such a request absent a showing by the opposing party demonstrating
20 good cause to deny the motion." *Id.* The court will base its decision whether to issue
21 a Letter Rogatory on the scope of discovery permitted under Rule 26. *B & L Drillings*
22 *Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978).

23       Here, Liquid Metal respectfully submits that this Court should use its inherent
24 authority, as well as that provided by statute, and issue the attached Letter Rogatory.
25 The Letter Rogatory requests that, under the principals of the comity of nations, the
26 Canadian Court order the examination of persons within its jurisdiction. The Letter
27 Rogatory also conforms to § 53 of the British Columbia Evidence Act, R.S.B.C.
28

1996, C. 124, and Liquid Metal will ensure that no unnecessary hardship or burden is placed upon Shen. Accordingly, the issuance of the Letter Rogatory is proper.

### B. Shen's Testimony is Highly Relevant to the Claims and Defenses before this Court

When determining whether to issue a Letter Rogatory, a court will not weigh the evidence sought nor predict whether that evidence will actually be obtained. *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC LB, 2013 WL 812331, at *2 (N.D. Cal. Mar. 5, 2013). Rather, when determining whether to issue a letter rogatory, a court considers the scope of discovery as set forth in the Federal Rules of Civil Procedure. *Id.* Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

Shen, Min-Shian's former Vice President of Sales, was Liquid Metal's account representative from 2006 through approximately 2017 when he was replaced by another Min-Shian employee, Michael Lee. In that role, among other things, Shen was Liquid Metal's "point person" at Min-Shian. Shen thus has extensive knowledge regarding Liquid Metal's account with Min-Shian, the parties' course of conduct, shipments of wheels from Min-Shian to Liquid Metal, and Discount Tire's purchase of wheels from Min-Shian during the time period alleged in the Second Amended Complaint. In fact, attached as Exhibit C to the Second Amended Complaint (Doc. 66-3) is a letter from Discount Tire to Shen regarding the parties' business relationship and Discount Tire's purchase of wheels. Shen also has knowledge regarding meetings in China among Discount Tire, Min-Shian, and Liquid Metal. Thus, Liquid Metal understands that Shen has highly relevant information to this case. Moreover, the testimony sought from Shen is not otherwise obtainable. It is neither publicly available nor available via party discovery. Plaintiffs have not agreed to produce Shen and his deposition cannot be compelled by notice. Thus, there is no means of obtaining this evidence other than by seeking

it directly from Shen by a Letter Rogatory.

The oral testimony sought by Liquid Metal is narrowly tailored and will not impose an undue burden on Shen. Specifically, Liquid Metal intends to question Shen regarding his communications and dealings with Defendant, James Owen, other Liquid Metal employees, and Discount Tire. Liquid Metal also intends to question Shen regarding Min-Shian's manufacturing and distribution processes with respect to wheels shipped to Liquid Metal for purchase by Discount Tire, the nature of the parties' business relationship, and the parties' handling of defective products manufactured by Plaintiffs—all of which are issues directly related to the claims and/or defenses in this case.

### C. Liquid Metal's Request to Take the Deposition Is Consistent With the Laws of Canada

Because Shen resides in Canada, it is necessary for Liquid Metal to seek the assistance of this Court to issue a Letter Rogatory to enable Liquid Metal to depose him.

The Canada Evidence Act recognizes letters rogatory and provides the authority to give effect to such a request when it is established that the witness from whom discovery is sought to be obtained is within the jurisdiction of the court. The Canada Evidence Act provides:

> If, on an application for that purpose, it is made to appear to any court or judge that any court or tribunal outside Canada, before which any civil, commercial or criminal matter is pending, is desirous of obtaining the testimony in relation to that matter of a party or witness within the jurisdiction of the first mentioned court, of the court to which the judge belongs or of the judge, the court or judge may, in its or their discretion, order the examination on oath on interrogatories, or otherwise, before any person or persons named in the order, of that party or witness accordingly, and by the same or any subsequent order may command the attendance of that party or witness for the purpose of being examined.

Canada Evidence Act, Revised Statutes of Canada ("R.S.C.") 1985, c. C-5. Part II, 46(1). Further, the Letter Rogatory does not seek evidence that is privileged under the laws of the United States or Canada.

Accordingly, Liquid Metal respectfully requests this Court issue the accompanying Letter Rogatory.

### III. PLAINTIFFS' STATEMENT OF ISSUES IN DISPUTE AND LEGAL POSITION

In December 2016, months prior to the transactions and occurrences at issue, Harwey Shen was terminated. *See* Dkt. No. 66 at ¶¶ 21-42, 58-60. Defendants know full well that he has no knowledge of the transactions and occurrences at issue, and that numerous other employees worked the Liquid Metal account concurrently from the start of the relationship with Liquid Metal to the end of the relationship. Plaintiffs' counsel have inquired as to what information Mr. Shen has that is unique, so as to justify a letters rogatory application at the late stage of the discovery process. Defendants have not provided any such information. Because "delay attends the letters rogatory process and counsels against issuance," *Rosen*, 240 F.R.D. at 215, and because "[t]here is insufficient reason to engage in the complication, delay, and expense inherent to letters rogatory where Plaintiff can provide the same facts." *Route1 Inc. v. AirWatch LLC*, No. 1:17-CV-00331-RGA, 2018 WL 6427145, at *1 (D. Del. Dec. 7, 2018), Defendants oppose the issuance of letters rogatory.

#### A. The Court Should Decline to Exercise its Inherent Authority to Issue the Letters Rogatory Because Granting the Motion would Cause an Inherent Delay that would Prejudice Plaintiffs

"As an initial matter, the decision whether to issue letters rogatory lies within the discretion of the district court and is reviewed for an abuse of that discretion." *Cordeiro*, 2017 WL 3099086, at *1 (citing *United States v. El-Mezain*, 664 F.3d 467, 517 (5th Cir. 2011); *United States v. Liner*, 435 F.3d 920, 924 (8th Cir. 2006)). The letters rogatory process "has been described as 'complicated, dilatory, and expensive.'" *El-Mezain*, 664 F.3d at 517 (citing and quoting *Societe* Nationale, 482 U.S. at 531; *Rosen*, 240 F.R.D. at 215). A court may, therefore, deny a motion for letters rogatory as long as there is a "good reason" to deny the request. *Cordeiro*, 2017 WL 3099086, at *1. Good reasons include, among other things, where granting the motion would cause an inherent delay that would prejudice the opposing party.

*See Cordeiro*, 2017 WL 3099086, at *1 (citing *Ziplocal*, 795 F.3d at 1274).

Letters rogatory applications directed to Canada have been denied where the moving party "has not offered an adequate explanation for its delay in bringing these motions." *Cover*, 2016 WL 8231158, at *3; *accord Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1273–74 (11th Cir. 2015) (affirming denial of letters rogatory request to depose Canadian company, because moving party had delayed and information was otherwise available). "[D]elay attends the letters rogatory process and counsels against issuance." *Rosen*, 240 F.R.D. at 215. Here, "[t]here is insufficient reason to engage in the complication, delay, and expense inherent to letters rogatory where Plaintiff can provide the same facts." *Route1 Inc. v. AirWatch LLC*, No. 1:17-CV-00331-RGA, 2018 WL 6427145, at *1 (D. Del. Dec. 7, 2018).

**B.  Shen was Terminated in December 2016 and Shen's Testimony is Not Material to the Case**

Harwey Shen was terminated in December 2016, months prior to the transactions and occurrences at issue. *See* Dkt. No. 66 at ¶¶ 21-42, 58-60. Defendants know full well that he has no knowledge of the transactions and occurrences at issue, and that numerous other employees worked the Liquid Metal account concurrently from the start of the relationship with Liquid Metal to the end of the relationship. Plaintiffs' counsel have inquired as to what information Mr. Shen has that is unique so as to justify a letters rogatory application at the late stage of the discovery process. Defendants have not provided any such information.

**C.  The Laws of Canada Require that the Information be Otherwise Unavailable From Any Other Sources and Numerous Other Sources are Available**

The Canadian Court will have to determine that "evidence of the same value as that sought from the person to be examined cannot otherwise be obtained". *Connecticut Retirement Plans and Trust Funds v. Buchan*, 2007 ONCA 362 at para. 7 [Connecticut Retirement Plans]; *see also AstraZeneca v. Wolman*, [2009] O.J. No. 5344 at para 27. The Canadian Courts consider "whether the evidence is possessed by the targeted witness alone. . . . The criterion means that evidence of the same

value as that sought from the person to be examined cannot otherwise be obtained." *AstraZeneca v. Wolman*, [2009] O.J. No. 5344 at para 27. The Canadian courts consider both the unique value of the evidence being sought in Canada and whether the witness from which the evidence is being sought is a unique source of this evidence. Harwey Shen is not a unique source of information. He was terminated several months prior to the actionable conduct, and numerous individuals listed in the initial disclosures have the same information. Counsel for Plaintiffs have consistently inquired as to whether Mr. Shen possesses information that is uniquely necessary, so as to satisfy the applicable Canadian law. Defendants have never attempted to explain why they believe that Mr. Shen possesses unique information. There is good reason to deny the letters rogatory request, because it will only cause significant and unjustified delay.

### D. The Court Should Deny Defendants Fee Request

Finally, Defendants request, in a single sentence and without providing any details about their expenses incurred, that the Court award them their attorneys' fees and costs incurred "in connection with their submission of this dispute to the Court." (Stip. at 2.) Defendants do not cite any authority for their fee request, and thus Plaintiffs have no notice as to the legal basis for the fee request and thus no opportunity to respond. Plaintiffs seek solely to prevent needless delay, which the case law supports.

Moreover, as explained above, the Court should deny the request for an issuance of a letter rogatory for Harwey Shen. It is well settled that the "determination as to when a request for a letter rogatory should be granted and when it should be refused must be decided in view of the circumstances of the particular case involved." *B & L Drilling Electronics v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978). Here, the circumstances weigh in favor of denying the letter rogatory request given (1) the proximity of the request to the close of discovery, (2) the potential that the request prejudices Plaintiffs' prosecution of the case by continuing trial and

-11-
JOINT STIPULATION RE: ISSUANCE OF LETTER ROGATORY TO HARWEY SHEN

pretrial dates, (3) the ready availability of the information sought from other sources that do not require the issuance of a letter rogatory, (4) Mr. Shen's lack of knowledge about the issues in this dispute given his December 2016 termination date, and (5) the likelihood that Canadian courts will deny the request in light of the requirements under Canadian law. Accordingly, at a minimum, it cannot reasonably be disputed that Plaintiffs are justified in opposing the issuance of a letter rogatory, and the Court should thus deny Defendants' fee request.

For the foregoing reasons, Plaintiffs respectfully request this Court deny the issuance of Letters Rogatory.

Respectfully Submitted,

Dated: January 21, 2020. **GREENSPOON MARDER LLP**

By: */s/ Sharon A. Urias*
    Sharon A. Urias
    1875 Century Park East, Suite 1850
    Los Angeles, California 90067

By: */s/ Jamey R. Campellone*
    Jamey R. Campellone
    200 East Broward Boulevard, Suite 1800
    Fort Lauderdale, Florida 33301
    *Attorneys for Defendants,*
    *Liquid Metal Motorsports, Inc. and*
    *James Owen*

Dated: January 21, 2020. **BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.**

By: */s/ Jared Lopez*
    Jared Lopez
    Robert T. Dunlap
    201 S. Biscayne Boulevard, Suite 1300
    Miami, Florida 33131
    *Attorneys for Plaintiffs*
    *Min-Shian Industrial Co. and M & S.*
    *Resources Corp.*

# **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2), I, Jamey R. Campellone, attest that all signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: */s/ Jamey R. Campellone*
Jamey R. Campellone